IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GREGORY JONES,

      Plaintiff

                            CASE NO.

     v.

DRJ PROPERTY HOLDINGS,
LLC d/b/a JENKINS HYUNDAI
OF LEESBURG, a Florida
Limited Liability Company

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff GREGORY JONES (hereinafter referred as "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against RJ PROPERTY HOLDINGS, LLC d/b/a JENKINS HYUNDAI OF LEESBURG (hereinafter referred as "Jenkins" or "Defendant"), and in support of states as follows:

## NATURE OF CASE

This is an action to remedy discrimination pursuant to the provisions of the Americans with Disabilities Act, as amended, ("ADAAA"); as well as interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq. Plaintiff is seeking damages including back

pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1. This is an action at law that raises a federal question under federal law.

2. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391

3. Additionally, the events giving rise to this action occurred within this District.

## PARTIES

4. Plaintiff was an employee of Defendant from approximately August of 2010 to September 2021.

5. Plaintiff was employed by Defendant in Leesburg, Florida.

6. Defendant is a Florida Limited Liability Company which operates a car dealership where Plaintiff was employed.

7. Defendant employs more than fifty (50) employees within 75 miles of Leesburg, Florida.

8. Plaintiff was an "employee" as defined by the FMLA.

9. Defendant is an "employer" as defined by the FMLA.

10. Plaintiff was an "employee" as defined by the ADAAA.

11. Defendant is an "employer" as defined by the ADAAA.

12. As of the date of his termination, Plaintiff had been employed by Defendants for at least twelve (12) months.

13. As of the date of his termination, Plaintiff had been employed by Defendant for at least 1,250 hours of service during the previous twelve (12) month period.

## ADAAA STATUTORY PREREQUISITES

14. At all times material hereto, Plaintiff suffered from a disability as defined by the ADAAA.

15. Plaintiff was discriminated against based on his disability.

16. Plaintiff is a member of a class of individuals protected by the ADAAA.

17. The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA.

18. Plaintiffs meet the statutory criteria for coverage as an "employee" under the ADAAA.

19. At all times material to the allegations herein, Plaintiff was qualified for his Sales Agent position with Defendant.

20. Plaintiff timely dual-filed his Charge of Discrimination with the

EEOC on March 28, 2022.

21. The EEOC issued a Dismissal and Notice of Rights on October 17, 2022.

22. Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving his right-to-sue letter.

23. Plaintiff has complied with all other ADAAA requirements and all prerequisites prior to bringing this lawsuit.

## **FACTUAL ALLEGATIONS**

24. Plaintiff worked for Defendant as a sales agent starting in August of 2010.

25. At all times material, Plaintiff performed well while working for Defendant.

26. Plaintiff injured his foot and ankle in January of 2021.

27. Specifically, Plaintiff suffered a fracture in his foot and tore the peroneal tendons in his foot and ankle.

28. Plaintiff's injury affected his ability to walk, stand and bend, which affected one or more major life activities.

29. Nonetheless, for the next four months, Plaintiff continued to work with the assistance of a boot.

30. However, because of the continued pain and the failure of his foot and ankle to heal, Plaintiff was informed he would need to have surgery.

31. Accordingly, Plaintiff had surgery on June 3, 2021, to repair the fracture in his foot and the torn peroneal tendons in his foot and ankle.

32. In advance of her surgery, Plaintiff applied for and was granted, Short Term Disability ("STD") and FMLA leave.

33. Originally, Plaintiff was supposed to be out of work for 90 days, returning to work on or about September 3, 2021.

34. Plaintiff kept Defendant informed regarding medical updates and his recovery.

35. However, Plaintiff was still experiencing swelling and pain in his foot and ankle at the expiration of the original 90-day recovery period.

36. As a result, Plaintiff's doctor then extended his medical leave to October 15, 2021.

37. Additional paperwork regarding this extension was provided to the Defendant.

38. On or around September 16, 2021, Plaintiff was notified by Defendant that he was terminated for exceeding 12 weeks of FMLA leave.

39. Thus, rather than accommodate Plaintiff's request for an additional month of medical leave to recover from the surgery, Defendant terminated Plaintiff's employment.

40. The Company did not accommodate Plaintiff's inability to stand for at least 10 hours at a time, pursuant to doctor's orders.

41. However, being able to stand for 10 hours at a time is not in Plaintiff's job description, as established by Defendant.

42. Additionally, the Company has accommodated several other employees that are unable to stand for 10 hours at a time.

43. Adolphis Perez is unable to stand for 10 hours at a time.

44. Jim Green is unable to stand for 10 hours at a time.

45. David Tebow is unable to stand for 10 hours at a time.

46. Plaintiff had been an employee in good standing until the end of his employment.

47. Defendant refused to accommodate Plaintiff.

48. At the time of his termination, Plaintiff was qualified for his position.

49. Additionally, at the time of his termination, Plaintiff was able to perform the essential functions of his job, with or without accommodation.

50. At no time during his employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet his job duties.

51. At the time of his termination, Plaintiff worked for a covered employer as defined by the FMLA.

52. At the time of his termination, Plaintiff was eligible for FMLA leave.

53. Plaintiff's notice for his need for FMLA leave was timely.

54. Defendant was aware that Plaintiff had a serious health condition

that qualified for FMLA leave and yet, failed to properly advise Plaintiff of his rights under the FMLA.

55. Defendant's actions constitute interference with Plaintiff's rights under FMLA.

56. Defendant's actions constitute discrimination and retaliation in violation of Plaintiff's rights under the FMLA.

57. Defendant's actions also constitute discrimination in violation of Plaintiff's rights under FMLA.

58. Plaintiff was treated differently than similarly situated non-disabled employees.

59. Defendant discriminated against Plaintiff for taking necessary time off due to his disability.

60. Defendant terminated Plaintiff in retaliation for taking necessary time off due to his disability.

## COUNT I
## RETALIATION UNDER THE FMLA

61. Plaintiff re-alleges and adopts the allegations of paragraphs 1-10, 13-14, 25-37, and 43-57 above as if fully set forth herein.

62. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

63. Defendant was Plaintiff's employer as defined by the FMLA.

64. Defendant discriminated and retaliated against Plaintiff because Defendant knew he was eligible for leave under the FMLA.

65. Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise his rights under the FMLA

66. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

67. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

68. Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

69. Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

70. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

71. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

72. Defendant's violations of the FMLA were willful.

73. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT II
## DISCRIMINATION UNDER THE ADAAA

74. Plaintiff re-alleges and adopts the allegations of paragraphs 1-6, 11-12, 15-47, and 55-57 above as if fully set forth herein.

75. Plaintiff suffers from a medical condition pursuant to the ADAAA.

76. Plaintiff was discriminated against by the Defendant due to his disability in violation of Federal law.

77. Defendant failed to engage in the interactive process to determine

whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

78. Defendant denied Plaintiff reasonable accommodation as required by Federal law.

79. Plaintiff is protected by the ADAAA:

   a. Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

   b. Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

80. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

81. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

82. Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

83. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

84. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, even

though Plaintiff could perform same with a reasonable accommodation.

85. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

86. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

87. Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

88. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during their employment. Therefore, he is a member of protected classes as envisioned by the ADA.

89. Plaintiff suffered sufficiently severe and pervasive treatment because of his disability and/or "perceived disability," and request for accommodation regarding same.

90. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

91. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

92. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost

wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

93. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

94. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION UNDER THE ADAAA

95. Plaintiff re-alleges and adopts the allegations of paragraphs 1-6, 11-12, 15-47, and 55-57 above as if fully set forth herein.

96. Plaintiff suffers from a medical condition pursuant to the ADAAA.

97. Plaintiff was retaliated against by the Defendant due to his disability in violation of Federal law.

98. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

99. Defendant denied Plaintiff reasonable accommodation as required by Federal law.

100. Defendant terminated Plaintiff because he took necessary time off to recover due to his disability.

101. Defendant terminated Plaintiff in violation of the ADAAA.

102. Plaintiff is protected by the ADAAA:

    a. Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

    b. Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

103. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

104. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

105. Defendant's actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

106. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

107. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, even though Plaintiff could perform same with a reasonable accommodation.

108. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

109. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

110. Defendant does not have a non-discriminatory rationale for terminating the Plaintiff.

111. Plaintiff was a disabled individual or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is a member of protected classes as envisioned by the ADAAA.

112. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

113. The retaliation to which Plaintiff was subjected was based on his disability and/or "perceived disability."

114. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

115. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

116. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering;

  e.  Injunctive relief;

  f.  Prejudgment interest;

  g.  Costs and attorney's fees; and

  h.  Such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted this __13th__ day of January, 2023.

      s/ Edward W. Wimp
      Edward W. Wimp, Esquire – LEAD COUNSEL
      FBN: 1015586
      Email: ewimp@theleachfirm.com
      Direct: 407-574-6339

      Anthony J. Hall, Esquire
      FBN: 0040924
      Email: ahall@theleachfirm.com

      THE LEACH FIRM, P.A.
      631 S. Orlando Ave., Suite 300
      Winter Park, FL 32789
      Telephone: (407) 574-4999
      Facsimile: (833) 813-7513

      Attorneys for Plaintiff